IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,251

ADRIAN M. REQUENA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

If a district court conducts a hearing on a K.S.A. 60-1507 motion where the State will be represented by counsel, due process of law requires the movant to be represented by counsel unless the movant waives that right to counsel.

2.

The State may file a written response to a K.S.A. 60-1507 motion. The district court's consideration of the State's response, standing alone, does not constitute a hearing for purposes of determining whether due process of law requires the movant to be represented by counsel.

3.

When a K.S.A. 60-1507 motion and the files and records of the case, including any response to the motion from the State, conclusively show that the movant is entitled to no relief under that motion, the district court may summarily deny the motion without appointing counsel for the movant.

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 22, 2017. Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed July 12, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, was on the brief for appellant, and *Adrian M. Requena* was on a supplemental brief pro se.

*Joseph M. Penney*, assistant county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: Adrian M. Requena filed a pro se K.S.A. 60-1507 motion almost 15 years after his rape conviction. The Butler County District Court summarily denied the motion after considering a written response by the State. On appeal, Requena argues the district court violated his due process rights when it failed to appoint counsel to represent him. We hold Requena's due process rights were not violated, and summary denial was appropriate because he failed to establish a manifest injustice to excuse his untimely filing. Accordingly, we affirm.

A jury convicted Requena of rape in December 1999. The Court of Appeals affirmed his conviction, and we denied Requena's petition for review. *State v. Requena*, 30 Kan. App. 2d 200, 41 P.3d 862 (2001), *rev. denied* 273 Kan. 1039 (2002). A few years later, Requena filed his first pro se K.S.A. 60-1507 motion, arguing that his trial counsel was ineffective. The district court summarily denied the motion and the Court of Appeals affirmed. *Requena v. State*, No. 95,443, 2006 WL 3740879 (Kan. App. 2006) (unpublished opinion).

2

In 2014, Requena filed his second pro se K.S.A. 60-1507 motion, the one at issue in this appeal. This time, he argued: (1) his criminal history score was incorrect based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015); (2) his attorney on direct appeal was ineffective; (3) a letter from a new witness proved his innocence; and (4) the district court lacked jurisdiction to convict him because he is a sovereign citizen. The State filed a response a few months later arguing Requena's criminal history score was correct because *Murdock* did not apply. The State did not address Requena's other arguments.

The district court summarily denied the motion in a written order. The court agreed with the State that *Murdock* did not affect Requena's criminal history score. In *Murdock*, we held that all *out-of-state* crimes committed before 1993 must be classified as nonperson offenses. 299 Kan. at 319. At sentencing, Requena received a criminal history score of C because he was previously convicted of several nonperson felonies and one 1989 person felony. See K.S.A. 21-4709 (stating a score of C is required when the offender's criminal history includes one conviction for a person felony and one or more conviction for a nonperson felony). But importantly, his prior person felony conviction occurred in Kansas, making *Murdock* inapplicable.

The district court rejected Requena's ineffective assistance of appellate counsel claim, finding his arguments were time-barred and he failed to establish a manifest injustice. The court also rejected Requena's actual innocence claim because the letter "prove[d] nothing" and "contain[ed] no newly discovered evidence." The letter was written in 2000 by someone who did not witness the rape, and it contained a hypothesis about what might have happened between Requena and the victim. The court determined that this letter also did not constitute a manifest injustice.

Soon after, Requena filed a motion to amend the judgment and a motion to compel judgment. In these motions, he reasserted his *Murdock* claim and pointed out that the

court failed to address his sovereign citizen claim. The court denied the motions and reiterated its prior ruling, citing *Keel*, which overruled *Murdock*, as additional support. See *Keel*, 302 Kan. at 589. It did not address the sovereign citizen claim.

On appeal, Requena claims the district court violated his due process rights when it considered the State's response to his pro se K.S.A. 60-1507 motion without first appointing counsel for him. He also argues the district court erred when it summarily denied his untimely K.S.A. 60-1507 motion because his criminal history score was incorrect under *Murdock* and he presented a colorable claim of actual innocence. Lastly, he argues a remand is necessary because the district court failed to rule and make fact-findings on his sovereign citizen claim. The Court of Appeals affirmed, holding Requena's due process rights were not violated; *Keel* overruled *Murdock*; he presented no colorable innocence claim; and his sovereign citizen claim was reviewable and ultimately meritless. *Requena v. State*, No. 116,251, 2017 WL 4183229 (Kan. App. 2017) (unpublished opinion).

We granted Requena's petition to review these holdings. Requena also argues in passing that his appellate counsel on direct appeal was ineffective for failing to challenge the lack of evidence against him. But he makes no effort to brief this point, so we consider it abandoned. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013) ("An issue not briefed by an appellant is deemed waived and abandoned.").

First, Requena argues the district court violated his due process rights when it considered the State's written response to his pro se K.S.A. 60-1507 motion without appointing counsel to represent him. This is a procedural due process claim. "Whether the trial court violated an individual's due process rights is a question of law, to which this court exercises unlimited review." *State v. Holt*, 285 Kan. 760, 774, 175 P.3d 239 (2008).

4

Specifically, Requena claims the district court's consideration of a written response by the State's attorney was the functional equivalent of a preliminary hearing, which triggered his due process right to appointed counsel. In support, he points to decisions like *State v. Hemphill*, 286 Kan. 583, 596, 186 P.3d 777 (2008), which hold that due process requires a postconviction movant to be represented by counsel at a hearing where the State is represented by counsel, unless the movant waives the right to counsel. See, e.g., *Stevenson v. State*, No. 96,082, 2007 WL 438745, at *2 (Kan. App. 2007) (unpublished opinion). The State does not challenge this precedent but counters that Requena's due process rights were not violated because considering a written response is not tantamount to holding a hearing.

Today in *Stewart v. State*, 309 Kan. ___, Syl. ¶ 2, ___ P.3d ___ (No. 115,149, this day decided), we considered the same arguments and affirmed that "if the court conducts a hearing at which the State will be represented by counsel, due process of law requires that the [K.S.A. 60-1507] movant be represented by counsel unless the movant waives that right to counsel." But we also clarified that an *actual* hearing is required to trigger the right. *Stewart*, 309 Kan. at ___, slip op. at 15. Consequently, we held: "The State is permitted to file a written response to a K.S.A. 60-1507 motion. The district court's consideration of the State's response, standing alone, does not constitute a hearing for purposes of determining whether due process of law requires the movant to be represented by counsel." *Stewart*, 309 Kan. ___, Syl. ¶ 3.

Here, the district court's consideration of the State's written response to Requena's pro se K.S.A. 60-1507 motion did not constitute a hearing. As a result, the district court did not violate Requena's due process rights when it did not appoint counsel to represent him. Put simply, Requena's due process right to appointed counsel was not triggered because the court did not hold a hearing where the State was represented by counsel.

Next, Requena argues the district court erred when it summarily denied his K.S.A. 60-1507 motion because his criminal history score was incorrect under *Murdock* and the letter supported a colorable claim of actual innocence. We review the summary denial of Requena's K.S.A. 60-1507 motion de novo because we have the same access to the motion, records, and files as the district court. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). Summary denial is appropriate, without appointing counsel, when the motion and the files and records of the case, including any response to the motion by the State, conclusively show that the prisoner is entitled to no relief. See K.S.A. 60-1507(b); *Stewart*, 309 Kan. ___, Syl. ¶ 4.

Requena does not dispute that his motion was untimely, and as a result, he had the burden to prove by a preponderance of the evidence that an extension was necessary to prevent a manifest injustice. See K.S.A. 60-1507(f)(2); Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228); *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). We have defined a manifest injustice as something "'obviously unfair'" or "'shocking to the conscience.'" 308 Kan. at 496 (quoting *Vontress v. State*, 299 Kan. 607, 614, 325 P.3d 1114 [2014]).

Recently in *White*, we held that the *Vontress* factors govern our manifest injustice inquiry for K.S.A. 60-1507 motions filed before July 1, 2016, and the 2016 amendments to K.S.A. 60-1507 govern for motions filed after that date. *White*, 308 Kan. at 503; see L. 2016, ch. 58, § 2; K.S.A. 2018 Supp. 60-1507(f)(2)(A). Because Requena filed his motion well before July 2016, the *Vontress* factors govern our analysis:

> "whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." *Vontress*, 299 Kan. at 616.

We consider these factors under the totality of the circumstances. They are not exhaustive, and no single factor is dispositive. 299 Kan. at 616.

In short, none of the *Vontress* factors support a finding of manifest injustice here. First, Requena provides no persuasive reason for his almost 15-year delay. Second, his *Murdock* argument raises no substantial issue of law. He argues that his prior in-state person felony should have been scored as a nonperson felony under *Murdock* and asks for a reconsideration of *Keel*. But as the district court correctly held, Requena's *Murdock* argument misconstrues the holding of that case—it did not extend to prior *in-state* crimes. And we decline to revisit *Keel* because Requena failed to brief that point. See *Boleyn*, 297 Kan. at 633. Third, Requena does not set forth a colorable claim of actual innocence. The letter he received is mere speculation by someone who did not witness the crime. It in no way supports his actual innocence.

Finally, Requena argues a remand is required because the district court violated Supreme Court Rule 183(j) by failing to rule and make fact-findings on his sovereign citizen claim. See Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 230) (requiring the district court to "make findings of fact and conclusions of law on all issues presented"). "Whether the district judge complied with Rule 183(j) involves a question of law reviewable de novo." *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

As the Court of Appeals correctly observed, the district court effectively ruled against Requena on this point by exercising its jurisdiction over him. See *Requena*, 2017 WL 4183229, at *3-4. Moreover, fact-findings are unnecessary to resolve his sovereign citizen claim, which is a question of law and ultimately meritless. See *State v. Wilson*, 308 Kan. 516, 527, 421 P.3d 742 (2018) (holding that a remand was unnecessary under Rule 183[j] because appellate review was not impeded); see, e.g., *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (holding that the argument that a defendant "is a free, sovereign citizen and as such not subject to jurisdiction of the federal

7

courts . . . . has no conceivable validity in American law"). Thus, we hold a remand is not warranted here.

In conclusion, Requena's due process rights were not violated when the district court did not appoint counsel to represent him; he failed to establish manifest injustice to excuse his untimely motion; and no remand is required to resolve his sovereign citizen claim. For these reasons, we affirm the summary denial of his K.S.A. 60-1507 motion.

Affirmed.