NOT DESIGNATED FOR PUBLICATION

No. 121,580

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GARY PERALES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 31, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: A jury convicted Gary Perales of sexually assaulting M.P. over several years. That verdict was supported, in part, by the expert testimony of a nurse who described the findings from M.P.'s sexual-assault examination. After this court affirmed his conviction, Perales filed a motion under K.S.A. 60-1507, arguing among other claims that his trial counsel was ineffective because she did not call an expert to rebut the nurse's testimony. The district court summarily denied Perales' motion. After reviewing the record and the parties' arguments, we conclude Perales has not shown that the court should have held an evidentiary hearing on his K.S.A. 60-1507 motion. Thus, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

This court addressed the underlying facts leading to Perales' conviction in *State v. Perales*, No. 110,246, 2015 WL 6630443 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1256 (2016). In August 2010, M.P., then 16 years old, told police that Perales had been sexually abusing her for the past four years. Several days later, a SANE/SART nurse—a nurse certified in performing sexual-assault examinations—examined M.P. M.P. also began attending therapy sessions where she discussed the abuse.

The State brought multiple sex-related charges against Perales, including rape, aggravated indecent liberties with a child, and aggravated criminal sodomy. Because M.P. told others about the abuse only a few days before informing the police, the jury trial largely focused on M.P.'s credibility. During the two-week trial, the parties called multiple witnesses, including the SANE/SART nurse and M.P.'s therapist. The nurse testified about the sexual-assault examination, and the therapist discussed M.P.'s memories of abuse they talked about during therapy. The jury convicted Perales on eight charges. 2015 WL 6630443, at *1. This court affirmed his conviction, the Supreme Court denied his petition for review, and the mandate was issued in late December 2016.

In August 2017, Perales filed a K.S.A. 60-1507 motion, raising over 50 issues—including an allegation that his trial counsel was ineffective because the attorney did not hire an expert witness to rebut the testimony of the nurse or the therapist. The district court summarily denied the motion. In its ruling, the court observed that Perales did not specify what type of expert would have been helpful in his case. And the court found that Perales' trial attorney effectively countered the testimony of the nurse and M.P.'s therapist through cross-examination.

Perales appeals. Though his initial motion raised numerous potential issues, the sole issue presented in his appeal concerns his attorney's decision not to hire an expert witness. He claims the district court erred when it summarily denied this point, asserting the court should have held an evidentiary hearing to determine the merits of his claim.

DISCUSSION

K.S.A. 2019 Supp. 60-1507(a) provides a collateral vehicle for those convicted of crimes to challenge the fairness of the proceedings leading to their convictions. A court considering a K.S.A. 60-1507 motion may take three courses of action, depending on the motion's contents. First, the court may summarily deny the motion without a hearing if the motion, files, and records from the case conclusively show the movant is not entitled to relief. Second, the court may order a preliminary hearing and appoint the movant counsel if a potentially substantial issue exists. Third, when "the motion and the files and records of the case" do not "conclusively show that the prisoner is entitled to no relief," the court must hold an evidentiary hearing. K.S.A. 2019 Supp. 60-1507(b); see *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

To warrant an evidentiary hearing, a movant must first make a prima facie showing that his or her claims are colorable by demonstrating a possible evidentiary basis for his or her assertions. See *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007). The movant bears the burden of proving an evidentiary hearing is necessary. *Holt v. State*, 290 Kan. 491, Syl. ¶ 3, 232 P.3d 848 (2010). When the district court has denied a K.S.A. 60-1507 motion based only on the motion, files, and records—with or without a preliminary hearing—the appellate court is in just as good a position as the district court to consider the merits. We thus review such rulings de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

3

On appeal, Perales asserts that "[o]f all [his] allegations, the one most entitled to an evidentiary hearing" was his claim of ineffective assistance of counsel relating to his attorney's decision not to hire an expert witness to counter the testimony of the therapist or the SANE/SART nurse; he discusses no other claims raised in his original motion. Accord *Requena v. State*, 310 Kan. 105, 107, 444 P.3d 918 (2019) (an issue not briefed on appeal is abandoned). Claims for ineffective assistance of counsel are evaluated under the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A movant therefore must show that counsel's performance was deficient and that, but for counsel's deficient performance, there is a reasonable probability the jury would have reached a different result. *Breedlove v. State*, 310 Kan. 56, 64, 445 P.3d 1101 (2019).

Perales acknowledges that not all cases require defense counsel to hire an expert witness. Often, cross-examination may accomplish the same aim without giving unintended credence to or otherwise highlighting the testimony of the State's witnesses. See *Harrington v. Richter*, 562 U.S. 86, 111, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011). For this reason, the decision to hire an expert is quintessential trial strategy. Courts generally defer to an attorney's strategic decisions, so Perales bears the burden to demonstrate his attorney's decision here was an exception to that rule. See *State v. Butler*, 307 Kan. 831, 854, 416 P.3d 116 (2018) (noting a decision is not strategic when an attorney "lacks the information necessary to make an informed decision due to an insufficient investigation").

Perales argues his trial counsel should have hired an expert witness to rebut the testimony provided by the SANE/SART nurse and M.P.'s therapist. He asserts that these witnesses were important to the State's case, so his trial counsel had a duty to diligently examine the State's forensic evidence and "garner the expertise necessary to cross examine the State's expert." Yet beyond this general point, Perales provides no information regarding who his counsel should have retained as an expert, the substance of

that potential expert's or experts' testimony, or how this testimony would have led to a different outcome in his trial.

It was Perales' burden to provide a sufficient factual explanation as to why his claims warranted an evidentiary hearing. And it is Perales' burden on appeal to demonstrate why, in the absence of such an explanation, the district court erred in summarily denying his motion. Based on the scant information provided to the district court and on appeal, we conclude he has not made this requisite showing.

Rather, our review of the record demonstrates Perales' trial counsel conducted an effective cross-examination of the State's witnesses:

- The therapist, who recounted information from M.P.'s discussions and memories of abuse in her therapy sessions, testified as a fact witness, not an expert. It is unclear how expert testimony would have affected the therapist's recital of these facts. And on cross-examination Perales' attorney attempted to draw out discrepancies in the testimony in an effort to undermine M.P.'s credibility.

- The nurse provided expert testimony regarding the outcome of the sexual-assault examination. Rather than call a separate expert long after the exam, Perales' attorney on cross-examination pointed out alternative explanations for the nurse's conclusions that were inconsistent with sexual assault or intercourse. This strategy was consistent with the theory of the defense—to call into question the veracity of M.P.'s account.

Under these circumstances, Perales has not shown that his trial counsel's performance was constitutionally deficient. Nor has he demonstrated that the jury would have reached a different result had an expert (or multiple experts) been retained. As such,

he has not provided a sufficient evidentiary basis for his claims. The district court did not err in summarily denying Perales' K.S.A. 60-1507 motion without an evidentiary hearing.

Affirmed.