NOT DESIGNATED FOR PUBLICATION

No. 123,299

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHICO M. KELLEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed July 30, 2021.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., WARNER and HURST, JJ.

PER CURIAM: Chico M. Kelley appeals from the district court's summary dismissal of his second motion for postconviction relief pursuant to K.S.A. 60-1507. Kelley filed the second motion pursuant to K.S.A 60-1507 on January 23, 2020 (the Second 60-1507 Motion), and alleged he was entitled to relief because (1) the district court erred in providing inaccurate jury instructions by providing an aiding and abetting instruction; and (2) he received ineffective assistance of counsel because his trial counsel failed to properly object to the aiding and abetting jury instruction and failed to make

1

certain additions to the record. On appeal, Kelley clarified that the Second 60-1507 Motion included the following allegation: (1) the district court erred in providing inaccurate jury instructions by providing an aiding and abetting instruction which violated Kelley's "fourteenth amendment and due process rights"; (2) ineffective assistance of appellate counsel for failure to request additional evidence be added to the record; and (3) ineffective assistance of trial counsel for failure to properly object to the aiding and abetting jury instruction.

For the reasons contained herein, this court affirms the trial court's summary dismissal of Kelley's Second 60-1507 Motion as untimely. This court does not reach the merits of Kelley's Second 60-1507 Motion as it is time-barred.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, the State charged Kelley with two counts of attempted first-degree premeditated murder and criminal possession of a firearm, all related to an incident that occurred in September 2011. On January 9, 2013, a jury convicted Kelley of all three counts, and the court ultimately sentenced Kelley to 360 months.

*Kelley's direct appeal and First 60-1507 Motion for postconviction relief*

On March 1, 2013, Kelley appealed his conviction, alleging several trial errors and that there was insufficient evidence to sustain a finding of premeditation as to one of the counts of attempted first-degree premeditated murder. On December 5, 2014, a panel of this court found that Kelley failed to show reversible error and affirmed the convictions and sentence. *State v. Kelley*, No. 110,153, 2014 WL 6909607, at *1 (Kan. App. 2014) (unpublished opinion). Kelley filed the first pro se motion for postconviction relief pursuant to K.S.A 60-1507 on October 21, 2015, (the First 60-1507 Motion) which he later appealed. The First 60-1507 Motion and subsequent appeal alleged (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, and (3)

2

prosecutorial error and/or misconduct. Kelley argued that trial counsel was ineffective for failing to request a lesser included offense. Kelley also alleged various other reasons that his trial and appellate counsel was ineffective. The district court reviewed the allegations and record and dismissed Kelley's First 60-1507 Motion without an evidentiary hearing. A panel of this court affirmed the district court's dismissal of Kelley's First 60-1507 Motion on November 30, 2018. *Kelley v. State*, No. 118,132, 2018 WL 6253053, at *1 (Kan. App. 2018) (unpublished opinion).

*Kelley's Second 60-1507 Motion for postconviction relief*

On January 23, 2020, Kelley filed a second pro se motion for postconviction relief pursuant to K.S.A. 60-1507—the motion that is the subject of this appeal. Kelley's Second 60-1507 Motion alleged he was entitled to relief because (1) the district court erred in providing inaccurate jury instructions by providing an aiding and abetting instruction; and (2) Kelley received ineffective assistance of appellate counsel because appellate counsel failed to properly object to the aiding and abetting jury instruction and failed to make certain additions to the record. On September 2, 2020, the district court summarily dismissed the Second 60-1507 Motion, without an evidentiary hearing, finding it untimely, successive, and ultimately denying it on the merits. Kelley, who has been appointed counsel, appeals this decision.

DISCUSSION

This court need not analyze the merits of Kelley's Second 60-1507 Motion because it is untimely—and Kelley fails to allege any evidence to support an exception to overcome the untimeliness. For this reason alone, the district court's summary dismissal of Kelley's Second 60-1507 Motion is affirmed.

3

Persons convicted of crimes may seek relief pursuant to K.S.A. 2020 Supp. 60-1507 by filing a motion asking the district court to "vacate, set aside or correct the sentence" to directly appeal a conviction

> "upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . . ." K.S.A. 2020 Supp. 60-1507(a).

The district court may resolve motions pursuant to K.S.A. 60-1507 in the following ways:

> "(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing. [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

The person seeking relief pursuant to K.S.A. 60-1507 has the burden to establish that the motion warrants an evidentiary hearing. *Thuko v. State*, 310 Kan. 74, 81, 444 P.3d 927 (2019). Because the district court dismissed Kelley's second 1507 motion without an evidentiary hearing, this court reviews the case de novo to determine "whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief." *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

KELLEY'S SECOND 60-1507 MOTION WAS UNTIMELY.

Movants are required to file motions for postconviction relief pursuant to K.S.A. 60-1507 within one year of:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
> "(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."
> K.S.A. 2020 Supp. 60-1507(f)(1).

It is undisputed that Kelley failed to meet this time limit. Kelley timely appealed the conviction, which was reviewed by this court and decided in an unpublished opinion on December 5, 2014. *Kelley*, 2014 WL 6909607, at *1. The Kansas Supreme Court denied Kelley's petition for review on July 22, 2015, and issued the mandate on July 24, 2015. Under K.S.A. 2020 Supp. 60-1507(f)(1), Kelley had one year from the issuance of the mandate to file a motion pursuant to K.S.A. 60-1507. Kelley filed the Second 60-1507 Motion on January 23, 2020—well outside of the one-year time limit. Kelley admits that "the motion on appeal was not filed within one year of the termination of appellate jurisdiction of [Kelley's] direct appeal."

K.S.A. 2020 Supp. 60-1507(f)(2) permits extension of the one-year time limitation "only to prevent a manifest injustice." Kelley argues he "made a threshold showing of manifest injustice, requiring the district court to review the allegations to make such a finding, and that the substantive claims raised herein also support such a finding." This court disagrees.

In 2016, well before Kelley filed the Second 60-1507 Motion at issue here, the Kansas Legislature amended K.S.A. 60-1507 to include a definition of "manifest injustice," limiting this court to analyzing just two issues when determining if "manifest injustice" exists. See e.g., *White*, 308 Kan. at 496-97. First, the court may consider "why

5

the prisoner failed to file the motion within the one-year limitation," and second, the court may consider "whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). Those are the only two issues that may be considered by this court in determining if "manifest injustice" would result by not extending Kelley's time to file the Second 60-1507 Motion. See 308 Kan. at 496. Kelley has not argued "actual innocence" or provided a reason for the multiyear delay in filing the Second 60-1507 Motion that would constitute "manifest injustice" if the time limit is not extended.

*Kelley failed to allege "actual innocence."*

Kelley does not claim actual innocence to support the Second 60-1507 Motion, or as an exception to the one-year limitation for filing a motion pursuant to K.S.A. 60-1507. On appeal, Kelley admits that he "did not make an actual innocence claim in the district court." He also does not raise a claim of "actual innocence" in his appeal. A claim of "actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). Kelly has not alleged that new, different, or previously unseen evidence exists regarding his innocence. This court cannot find "manifest injustice" related to "actual innocence" when the movant makes no argument and provides no evidence of "actual innocence." See *Requena v. State*, 310 Kan. 105, 109-110, 444 P.3d 918 (2019) (requiring the movant to present evidence of innocence, more than "mere speculation").

*Kelley failed to provide a reason for the delay in filing.*

In addition to claims of "actual innocence," this court may consider Kelley's reasons for the failure to timely file the Second 60-1507 Motion when considering if "manifest injustice" would result from the time-bar. See *White*, 308 Kan. at 496. On

6

appeal Kelley provides two reasons for the protracted delay in filing the Second 60-1507 Motion. See *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018) (courts "liberally construe pro se pleadings").

Kelley's first reason for delay is that he did not have the trial transcripts until August 28, 2018. On appeal, Kelley fails to show how the lack of transcripts resulted in, precipitated, or caused the delay in filing the Second 60-1507 Motion. It appears that Kelley sought the trial transcripts to assist in the appeal of the summary denial of the first 60-1507 motion. According to Kelley's Second 60-1507 Motion, he requested the transcripts in June 2018 and received them in August 2018—more than two years before he filed the Second 60-1507 Motion and about two years after his one-year deadline to file a K.S.A. 60-1507 motion. Kelley does not explain how the receipt of the trial transcripts further delayed the second 60-1507 filing by more than two years. The mere fact that Kelley did not request and receive the trial transcripts until 2018 does not create a "reason for the failure to timely file" the Second 60-1507 Motion.

Kelley's second reason for delay is that "other postconviction efforts seeking relief also justifiably delayed the filing of this petition, as those efforts included a timely K.S.A. 60-1507 petition." Yet again, Kelley failed to make any argument or provide any facts to support this conclusory allegation. Kelley did not show how the First 60-1507 Motion, filed on October 21, 2015, resulted in a delay of more than four years for the Second 60-1507 Motion. Kelley's appeal from the summary dismissal of the First 60-1507 Motion became final more than two years before he filed the Second 60-1507 Motion. Kelley "must make more than conclusory contentions and must state an evidentiary basis in support of the claims, or an evidentiary basis must appear in the record." *Thuko*, 310 Kan. at 80 (quoting *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 [2014]). In summary, Kelley failed to provide any reason why the Second 60-1507 Motion was filed more than four years after the one-year limitation, and thus has not shown "manifest injustice" would result from prohibiting an extension of the one-year time limit.

7

*Kelley cannot show manifest injustice through a totality of the circumstances.*

On appeal, Kelley argues that he "made a threshold showing of manifest injustice, requiring the district court to review the allegations to make such a finding, and that the substantive claims raised herein also support such a finding." Kelley provides no legal citation to support this contention but appears to argue that a review of his allegations in total demonstrates "manifest injustice" would result if the court did not extend the time limitation. When the Kansas Legislature amended K.S.A. 60-1507 in 2016 to include a definition of "manifest injustice," it "intended to abrogate" a prior holding of the Kansas Supreme Court defining "manifest injustice." See *White*, 308 Kan. at 497. The Kansas Supreme Court has stated that, when considering if dismissal of a K.S.A. 60-1507 motion as untimely would create manifest injustice, this court is prohibited "from looking at all circumstances and assessing them in totality." 308 Kan. at 501. The court further explained:

> "As a result, the 2016 Legislature barred relief for any movant who could establish an error or several errors in the trial court proceedings that are so egregious they cause a court, considering the totality of the circumstances, to declare it 'obviously unfair' or 'shocking to the conscience.' For some movants, the 2016 amendments may remove any possibility of relief from a manifestly unjust situation." 308 Kan. at 501.

Thus, consistent with the Supreme Court's decision in *White*, the validity or seriousness of Kelley's claims in the Second 60-1507 Motion do not alone create "manifest injustice" for the purpose of extending the timeline to file a motion pursuant to K.S.A. 60-1507. See K.S.A. 60-1507(f)(2)(A).

CONCLUSION

When determining whether a movant's motion for postconviction relief pursuant to K.S.A. 60-1507 is barred by the one-year time limitation for filing, this court may only consider "(1) a movant's reasons for the failure to timely file the motion . . . or (2) a

8

movant's claim of actual innocence . . . ." *White*, 308 Kan at 496. Because Kelley did not provide a justifiable reason for the failure to timely file and did not allege "actual innocence," we affirm the district court's summary denial of the Second 60-1507 Motion as untimely. Because it is untimely, this court does not consider whether Kelley's Second 60-1507 Motion is successive or reach its merits. See *Beauclair*, 308 Kan. at 304.

Affirmed.