NOT DESIGNATED FOR PUBLICATION

No. 126,896

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANE MICHAEL KNOBLAUCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SHAWN ELLIOTT, judge. Submitted without oral argument. Opinion filed December 12, 2025. Affirmed.

*Dane M. Knoblauch*, of Wichita, appellant pro se.

*Boyd K. Isherwood*, deputy district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Dane Michael Knoblauch timely appeals from his convictions for two traffic offenses—having a defective tag light and driving with a suspended license. The law in the State of Kansas is set forth by our Legislature and applies equally to all persons in this State, irrespective of their individual consent and regardless of what they may wish it to be. In other words, everyone in this State must follow the law as defined by our Legislature. Similarly, the rules of appellate procedure—particularly the requirements for appellate briefs—apply to all parties before us, even self-represented

1

litigants. Today, in this matter, we explain the consequences of failing to follow both the law and the rules of appellate procedure.

Knoblauch attempts to challenge the sufficiency of the evidence underlying his two traffic convictions by claiming he was travelling in his vehicle as the only occupant. To be travelling in a vehicle as the sole occupant, one has to be driving the car. He advances no coherent argument within the applicable legal framework and largely fails to acknowledge any of the facts underlying his convictions. Instead, his 46-page brief consists almost exclusively of various tangents and diatribes, asserting he is somehow exempt or immune from being subject to the laws of Kansas as a sovereign citizen. Such arguments have been found by other courts as "completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion." *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992). Simply put, "an individual's belief that his status as a 'sovereign citizen' puts him beyond the jurisdiction of the courts 'has no conceivable validity in American law.' *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)." *Requena v. State*, No. 116,251, 2017 WL 4183229, at *4 (Kan. App. 2017) (unpublished opinion).

Here, the relevant facts are not disputed. In February 2023, a Sedgwick County sheriff's deputy observed Knoblauch's vehicle traveling on a public roadway in Sedgwick County. This occurred around 12 a.m. when it was dark outside. The officer was within 50 feet of Knoblauch's vehicle and could not clearly identify the license plate because the vehicle's tag light was inoperable. The officer initiated a traffic stop and contacted Knoblauch. During the stop, the officer discovered Knoblauch's driver's license was suspended. Knoblauch was cited for a defective tag light and driving while suspended. At trial, with Knoblauch present, the deputy testified as the sole witness, and Knoblauch did not cross-examine the deputy. Knoblauch's certified driving records were admitted without objection. The evidence reflected Knoblauch's license was, in fact, suspended at the time of the traffic stop. Based on these undisputed facts, there was sufficient evidence

to convict Knoblauch of driving with a defective tag light in violation of K.S.A. 8-1706(c) and driving while suspended in violation of K.S.A. 8-262(a)(1).

The arguments advanced in Knoblauch's brief are not just unpersuasive, they are "ultimately meritless." See *Requena v. State*, 310 Kan. 105, 110, 444 P.3d 918 (2019). To the extent he attempts to make an argument challenging the sufficiency of the evidence, he fails to: (1) properly cite to the record; (2) address the argument within the controlling legal framework and applicable standard of review; and (3) explain or cite any meritorious basis in relevant fact or law to support his arguments. These inadequacies are contrary to Supreme Court Rule 6.02(a)(4) and (a)(5) (2025 Kan. S. Ct. R. at 36) and constitute a failure by Knoblauch to properly argue and support his claims of error on appeal. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). We need not explain any further why we deem Knoblauch's arguments waived or abandoned due to inadequate briefing. See *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021).

The other arguments Knoblauch advances fail to support his complaints that the district court conducted itself improperly or acted without jurisdiction. His complaints are based on his subjective view of the law, which is not the law. His arguments regarding the jurisdiction and conduct of the district court during the proceedings below are "completely without merit [and] patently frivolous." *Jagim*, 978 F.2d at 1036. His claims turn solely on his belief he is immune or exempt from Kansas law as a "sovereign citizen . . . , which is a question of law and ultimately meritless." *Requena*, 310 Kan. at 110.

Knoblauch was driving his vehicle, and his arguments about these charges affecting his right to travel are without merit. We observe no basis in fact or law under which he is entitled to any relief. Viewed in the light most favorable to the State, the evidence was sufficient for a rational fact-finder to find Knoblauch guilty of both traffic offenses.

Affirmed.