NOT DESIGNATED FOR PUBLICATION

No. 127,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SAMUEL LUIS MERCED,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; KEITH L. COLLETT, judge. Submitted without oral argument. Opinion filed March 6, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: In October 2015, a jury convicted Samuel Luis Merced of two counts of aggravated indecent solicitation of a child and one count of lewd and lascivious behavior. His conviction and sentence were affirmed on appeal and just shy of two years after the appellate mandate was issued, Merced filed a K.S.A. 60-1507 motion challenging the representation he received during his trial. The district court dismissed the motion, noting Merced failed to establish the manifest injustice required to excuse its untimely filing. Merced now appeals from that dismissal. Following a careful analysis of

1

his claims we are unable to find that the district court reached its conclusion in error. The dismissal of Merced's K.S.A. 60-1507 motion is affirmed.

The facts of Merced's underlying convictions are sufficiently recounted in his direct appeal but are not relevant to consideration of the claim presently before us. See *State v. Merced*, No. 116,001, 2017 WL 4848186, at *1-3 (Kan. App. 2017) (unpublished opinion). The appellate mandate was issued in Merced's case on May 9, 2018.

In August 2018, the district court appointed counsel to represent Merced after he filed numerous pro se motions. On May 29, 2019, Merced filed a nearly 200-page motion to correct an illegal sentence which the district court denied in January 2020. Merced appealed, and this court summarily affirmed the district court's order.

On February 3, 2020, Merced filed the K.S.A. 60-1507 motion that is the subject of this appeal. That same month, the State filed a motion to dismiss Merced's 60-1507 motion as untimely. In November 2022, counsel for Merced filed a motion to amend his 60-1507 motion with two supplemental ineffective assistance of trial counsel claims and the identification of two alibi witnesses.

Several months later the district court conducted a hearing to address Merced's request to amend his motion. The State argued that Merced's 60-1507 motion, as well as his request to amend the same, were untimely and Merced failed to provide either a reasonable explanation for the delay or a colorable claim of actual innocence to excuse the late filing. Merced's counsel asserted that the request to include Merced's mother and brother as alibi witnesses was sufficient to clear the threshold for a colorable claim of innocence.

The district court ultimately concluded that Merced's delayed filing of his K.S.A. 60-1507 motion procedurally barred any consideration of his claims and dismissed the motion.

Merced timely appealed and seeks determination of whether the district court erred when it dismissed his claims as untimely.

Under K.S.A. 60-1507(f)(1), Merced was required to file his 60-1507 motion within one year of the appellate court's mandate following his direct appeal. Merced concedes that he filed the motion approximately nine months after the one-year statutory time limit expired. Accordingly, the district court could only analyze the merits of Merced's ineffective assistance of counsel claims if he successfully established that consideration of the motion was necessary to prevent a manifest injustice. K.S.A. 60-1507(f)(2).

The movant bears the burden to establish, by a preponderance of the evidence, that manifest injustice will result if the district court declines to consider the merits of their motion. *Noyce v. State*, 310 Kan. 394, 400, 447 P.3d 355 (2019). Courts have interpreted "manifest injustice" to mean something that is "'obviously unfair'" or "'shocking to the conscience.'" *Requena v. State*, 310 Kan. 105, 109, 444 P.3d 918 (2019). Two primary factors are considered when determining whether the manifest injustice exception applies: "'(1) a movant's reasons for the failure to timely file the motion . . . or (2) a movant's claim of actual innocence.'" *Rowell v. State*, 60 Kan. App. 2d 235, 240, 490 P.3d 78 (2021); see K.S.A. 60-1507(f)(2)(A).

Here, the district court noted that Merced's initial K.S.A. 60-1507 motion was untimely. It further observed that while Merced's subsequent motion to amend included an allegation that his trial counsel failed to investigate and litigate his alibi, he only listed the names and addresses of the witnesses he believed would support that contention. It

was not accompanied by a proffer detailing the nature of their expected testimony, nor did he explain why that issue justified Merced's considerable delay in filing his motion. Accordingly, the district court reasoned that Merced failed to satisfy his burden to establish manifest injustice that would allow consideration of his claims.

Because the district court summarily denied Merced's K.S.A. 60-1507 motion following a preliminary hearing, we are in the same position as the district court to consider his claim. Thus, we exercise de novo review over the issue raised in this appeal. See *Bogguess v. State*, 306 Kan. 574, 583, 395 P.3d 447 (2017).

Merced contends that he properly established manifest injustice in several ways. First, he alleges several hurdles impeded his ability to file the motion, including the Kansas Department of Corrections' (KDOC) repeated returns of his motion for his failure to attach relevant "paperwork," and that his fellow inmate and legal partner misadvised him that filing a motion to correct an illegal sentence would toll the statute of limitations for his K.S.A. 60-1507 claims. Merced also maintains that his allegations of ineffective assistance of counsel demonstrate that he has a colorable claim of actual innocence.

We turn first to Merced's contention that the KDOC prevented him from filing this action in a timely fashion. It is immediately apparent from the outset that he has failed to identify any point in the record that substantiates his claim. Rather, the only verifiable date for this action, aside from the filing date, is May 24, 2019—the date Merced signed his motion in front of a notary. That date is still 15 days outside the one-year time limit and, therefore, does nothing to advance Merced's claim of manifest injustice. We are not persuaded that this explanation supports a finding for manifest injustice.

Next, we consider Merced's claim that his prison-based legal partner misadvised him about the statute of limitations. This contention falters under the weight of the longstanding position taken by Kansas appellate courts that ignorance of the law does not

support a finding of manifest injustice. See, e.g., *Brown v. State*, 58 Kan. App. 2d 808, 816-17, 820, 475 P.3d 689 (2020). Consequently, we also decline to assign any merit to this claim.

We fully recognize that Merced filed his motion as a pro se litigant, but the Kansas Supreme Court has held that "a pro se K.S.A. 60-1507 petitioner is in the same position as all other pro se civil litigants, and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). A movant must provide a persuasive reason for a long delay in filing a K.S.A. 60-1507 motion. *Sherwood v. State*, 310 Kan. 93, 101, 444 P.3d 966 (2019). Thus, because Merced neglected to provide us with any convincing justification for why he failed to file his motion on time, we are unable to conclude the district court erred by dismissing his K.S.A. 60-1507 motion as untimely.

Similarly, we find that Merced has not met his burden to establish a colorable claim of actual innocence that would entitle him to an evidentiary hearing on his claims. When a movant alleges a claim of actual innocence to overcome an untimely filed K.S.A. 60-1507 motion, they are only entitled to consideration of the merits of their claim if they can demonstrate that it is more likely than not that no reasonable juror would have convicted them in light of the new evidence. K.S.A. 60-1507(f)(2)(A); *Beauclair v. State*, 308 Kan. 284, 290, 419 P.3d 1180 (2018).

Merced's K.S.A. 60-1507 motion asserted his trial counsel was ineffective for numerous reasons, but in both his initial K.S.A. 60-1507 motion and his brief on appeal, he does not support his broad allegations that ineffective assistance of counsel potentially influenced the outcome of his trial. Instead, he merely claims that he has "fully detailed both a factual and a legal basis for the relief he seeks, centering on his claim that he received ineffective assistance from his trial counsel" and further, that "[a]ny resulting deficiencies could easily be cured from the remainder of the record." Use of the actual

5

innocence exception to circumvent the one-year limitation is rare and should remain so, only enjoying applicability in extraordinary cases. *Beauclair*, 308 Kan. at 302. From the record before us we have no reservations in concluding that Merced's case falls well short of that high standard.

Absent a showing of manifest injustice, a court must dismiss an untimely K.S.A. 60-1507 motion. K.S.A. 60-1507(f)(3). Merced has failed to establish, by a preponderance of the evidence, that adequate reasons exist to excuse the delayed filing of his motion. Accordingly, we are satisfied that the district court properly dismissed his claims as untimely.

Affirmed.